IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

HARRAH'S ENTERTAINMENT, )          CV-S-01-0825-DAE-RJJ
INC. *et al.*,                    )

)

Plaintiffs,               )

)

vs.                           )

)

STATION CASINOS, INC. *et al.*,   )

)

Defendants.               )

_____ )

FILED / ENTERED    RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 19 2004

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ HZ _____ DEPUTY

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE  AND ORDER DENYING DEFENDANTS' <u>ALTERNATIVE CROSS MOTION TO STRIKE</u>

The court heard Plaintiffs' and Defendants' Motion on March 23,

2004.  Mark D. Rowland, Esq., appeared at the hearing on behalf of Plaintiffs; Ike

Lawrence Epstein, Esq., Lawrence Kass, Esq., Christopher Chalsen, Esq., Michael

Feder, Esq., Christopher Gaspar, Esq., and Rich Haskins, Esq., appeared at the

hearing on behalf of Defendants.  After reviewing the motion and the supporting

and opposing memoranda, the court GRANTS in part and DENIES in part

Plaintiffs' Motion to Strike Paragraphs 5-9 and 11-17 of the Second Declaration of

Bart A. Lewin in support of Defendants' Motion for Partial Summary Judgment

Under 35 U.S.C. 112, and DENIES Defendants' Alternative Cross Motion to

**264**

Strike (1) Plaintiffs' Opposition to Defendants' Motion for Partial Summary

Judgment Under 35 US.C. 112 and (2) the supporting declaration of Neil Philip

Spencer.

## BACKGROUND

Plaintiffs Harrah's Entertainment, Inc., and Harrrah's Operating

Company, Inc., ("Plaintiffs") obtained three patents relating to a system for

coordinating the monitoring and accessing of information relating to customer

gaming and non-gaming activity across multiple casino locations.  More

specifically, the patents, termed the National Player Recognition patents, including

U.S. Patents Nos. 5,761,647 ("the '647 patent"), 6,003,013 ("the '013 patent"),

and 6,183,362 ("the '362 patent"), describe and claim methods and systems for

rewarding customer patronage, tracking customers, and making customer data

available to affiliated casino properties.

Plaintiffs sued Defendants Station Casinos, Inc., Boulder Station,

Inc., Palace Station Hotel & Casino, Inc., Santa Fe Station Inc., Sunset Station,

Inc., Texas Station, LLC, Green Valley Ranch Gaming, LLC, and Does 1-20

("Defendants") for patent infringement.  The National Player Recognition patents

that Plaintiffs assert against Defendants are all predicated on the use of a

"theoretical win profile" in a casino player reward system.

2

The precise meaning of the term theoretical win profile and whether it was sufficiently claimed in the patents lies at the heart of the dispute between the parties in Defendants' Motion for Partial Summary Judgment Under 35 U.S.C. § 112. According to Plaintiffs, the theoretical win profile is a measure of a customer's value to the affiliated casino properties. Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Plaintiffs' Opposition") at 3. Plaintiffs distinguish between theoretical win and theoretical win profile. The former term is a statistically determined amount of money a casino expects to win from a customer's play, and was a well-known term in the art at the time the instant suits were filed.

Plaintiffs state that the patents-in-suit extend the concept of theoretical win to include betting data from affiliated casino properties. Plaintiffs contend that the specifications for the patents include a description of the idea that the theoretical win profile can be expressed as an "average daily value." Plaintiffs' Opposition at 4 (citing Oliver Ex. 1 ('647 patent) at 12:55 - 13:21) (further citations omitted). Plaintiffs state, however, that there are alternative ways of determining and expressing a theoretical win profile, and that a person with ordinary skill in the art would have understood the various formulas, methods, and algorithms used in calculating its value. Id. at 5. Plaintiffs further

3

note that the key to the theoretical win profile is that it includes a large number of data points, and provides a more accurate estimate of a customer's value to the casino company as a whole, as opposed to solely one casino property.  Id.

Defendants state that although the term theoretical win profile is included in every claim of the '647 patent, numerous claims of the '013 patent, and every claim of the '362 patent, the term is not defined in any of the patent specifications, and the prosecution histories allegedly confirm that the term has no definite structure or meaning. Defendants' Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. §112 ("Defendants' Motion") at 2-3.  While Defendants recognize that the term theoretical win is a well-known concept, they allege that Plaintiffs have given theoretical win profile inconsistent meaning such that competitors are not given notice as to the metes and bounds of the claim scope such that they can avoid infringement.  Id. at 3.  Specifically, Defendants state that the patent specification fails to include a method, algorithm, or formula for generating or calculating a theoretical win profile.  Defendants complain that nothing in the patents explains how the theoretical win profile is updated, generated, or determined.  Id. at 4.

4

## STANDARD OF REVIEW

The Ninth Circuit has held that the where the preclusion of evidence

as a result of the violation of a discovery order is tantamount to dismissal or

default, courts must find that the failure to comply was due to willfulness, bad

faith, or the fault of the parties.  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d

585, 589 (9th Cir. 1983).  However, where the exclusion of evidence does not

amount to a dismissal of the claim, the court need not consider whether the

offending party's actions were willful or in bad faith.  Imax Corp. V. Cinema

Technologies, Inc., 152 F.3d 1161, 1168 (9th Cir. 1998).

The instant case does not involve a situation in which dismissal of the

evidence at issue would be tantamount to a dismissal or default.  Accordingly, the

court will only impose sanctions as provided in Rule 37 of the Federal Rules of

Civil Procedure.  Rule 37 reads in pertinent part:

> A party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), or to amend a prior
> response to discovery as required by Rule 26(e)(2), is not, unless such
> failure is harmless, permitted to use as evidence at a trial, at a hearing,
> or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

## DISCUSSION

I.       Plaintiffs' Motion to Strike Paragraphs 5-9 and 11-17 of the Second Declaration of Bart A. Lewin in Support of Defendants' Motion for Partial Summary Judgment Under 35 U.S.C. 112

Plaintiffs object to Paragraph 5-9[1] and 11-17 of the Second Declaration of Bart A. Lewin ("Lewin") as they allege that it contains new expert opinion testimony by Lewin that had not been previously disclosed in the litigation. Moreover, Plaintiffs allege that Defendants have also proffered documents attached to Lewin's Second Declaration that were never disclosed during discovery, and were not disclosed as part of Defendants' moving papers. Plaintiffs argue that Defendants' alleged actions violate discovery rules because Defendants have introduced evidence long after the close of discovery without substantial justification. Plaintiffs state that the newly introduced evidence should be stricken pursuant to Rules 16, 26 and Rule 37(c)(1) of the Federal Rules of Civil Procedure.

Plaintiffs object to a number of specific documents. First, Lewin's Declaration allegedly provides new opinion testimony regarding the definition of the term "profile" by submitting an undated glossary of terms from S4H.com

---

[1]Plaintiffs move to strike only that portion of paragraph 6 that discusses the article by Robert C. Hannum.

6

website which defines the word "profiling." Plaintiffs' Motion to Strike

("Plaintiffs' Motion") at 3. At the hearing, Plaintiffs stated that the objection with

regard to the term "profile" is now moot.

Plaintiffs also object to the submission of an undated article titled "A

Guide to Casino Mathematics" by Robert C. Hannum, as well as an undated on-

line dictionary titled "Gamblenet Winners Dictionary of Computer Terms." Id.

Lewin allegedly relied on these documents as his support for his opinions

regarding a formula for calculating "theoretical win" and "earning potential" as

well as for definitions of both those terms.

Defendants argue that Plaintiffs' Motion to strike is groundless

because Lewin's Reply declaration is not new testimony but rather testimony that

supplements, confirms, and/or further explains previous testimony, and

appropriately rebuts the new positions taken by Plaintiffs and its expert Mr. Neil

Spencer ("Spencer"). Specifically, Defendants contend that Plaintiffs have

changed its proposed claim construction of the term theoretical win profile from a

"summary or analysis" to a "single calculated number." Further, Defendants

allege that Plaintiffs now claim that the math for determining a theoretical win

profile is "cummutative" and involves an "average" and is therefore

"straightforward." Defendants allege that they merely responded to these changes

7

in position by "submitting evidence regarding [Plaintiffs'] previously advanced construction and by rebutting [Plaintiffs'] new position." Defendants' Opposition at 1.

With respect to Plaintiffs' request to strike the various documents attached to Lewin's declaration, Defendants state that the information was recently located and publicly available. Defendants also claim to have seasonably produced the materials within days of when they were located, and thereby Lewin's use of the materials does not violate the Federal Rules. Finally, Defendants argue that the precise date of the materials is irrelevant because Plaintiffs have not established that the documents reflect understandings held by those skilled in the art that have changed since before the asserted patents were filed, and such understandings were consistent with the prior testimony of Lewin, and Defendants' other expert Mr. Kilby. Further, the materials were not offered as prior art but instead were offered to corroborate consistent third party use in the industry, and were cited only to help explain Mr. Lewin's independent view that the substance they contain is consistent with understandings held by those skilled in the art.

Defendants argue that even if the court were to find a violation of Rule 26, it would be inappropriate to strike any of Lewin's declaration because

8

under Rule 37(c)(1), a court should not strike testimony that violates Rule 26 if

there is a "substantial justification" for the failure to disclose the information or if

the failure was "harmless".   Fed. R. Civ. P. 37(c)(1).  Defendants contend that the

additional information was justified because Plaintiffs changed their position.

Further, Defendants argue that any alleged violation is harmless because

Plaintiffs' counsel deposed Lewin and questioned him.  Defendants state that in

the alternative, if the court does find that the challenged sections are improper, the

court should order Lewin to submit an amended declaration removing particular

phrases.

Finally, Defendants state that if any of Lewin's declaration is

stricken, the court should also strike Mr. Spencer's new opinion testimony

supporting new arguments in Plaintiffs' Opposition.  Specifically, Defendants

move to strike Plaintiffs' position that theoretical win profile "must be a 'unified

measure or value,' i.e., a 'single calculated number'" as well as its position that the

math is "cummutative" and therefore "straightforward."  Defendants' Motion at

19.  Defendants state that Plaintiffs' Motion to Strike is hypocritical given that

over 300 paragraphs of Spencer's declaration contains new opinion testimony.  Id.

at 20.

As a preliminary matter, the court finds that Defendants have not provided sufficient discussion or specificity as to what they would request stricken from Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment under 35 U.S.C. § 112 ("Plaintiffs' Opposition") and Spencer's declaration. Instead, Defendants appear to be asking this court to strike undisclosed sections of Plaintiffs' motion as some sort of retaliation for Plaintiffs' alleged hypocrisy in bringing its Motion to Strike. Without a specific designation and discussion of the offending material in Plaintiffs' moving papers that Defendants wish to strike, this court cannot grant Defendants' Motion, much less consider it. Accordingly, the court DENIES Defendants' Motion to Strike Portions of Plaintiffs' Opposition and the Supporting Declaration of Neil Spencer without prejudice.

A.    Exhibits A-D of the Lewin Declaration

Plaintiffs argue that Exhibit A-D of the Lewin Declaration should be stricken because the documents were submitted late in violation of the court's Scheduling Order and Defendants have failed to justify the late submission or prove that the submission is harmless. In response, Defendants have stated that these documents were only recently located and were publicly available. Defendants, however, have not stated why, aside from their own fault, they were unable to locate the documents in accordance with the court's Scheduling Order.

10

The court is also concerned that although Defendants have stated that the documents were publicly available, Plaintiffs were unable to locate the document, or internet site on which it was allegedly located, such that they might test the authenticity of the document. Plaintiffs' Reply at 6. Given the fact that Plaintiffs could not locate the information, coupled with the late submission of the information as attached to Defendants' Reply to its Motion for Partial Summary Judgment, the court finds that the submission of the documents was not harmless. Accordingly, Exhibits A-D of Lewin's declaration should be stricken as its inclusion would otherwise prejudice Plaintiffs. The court also grants Plaintiffs' Motion to Strike Paragraph 17 of Lewin's declaration as it alleges that the attachments are true and correct copies of the documents cited, yet Plaintiffs were unable to find the documents on the internet.

### B.    Contested Terms

Plaintiffs also contend that Lewin's discussion of the terms "average," "cummutative," and "earning potential" all constitute new opinion evidence that was raised for the first time in Defendants' Reply.

With respect to the term "average," the court finds that the testimony is not new, and therefore was appropriately discussed in Lewin's reply motion. Plaintiffs admit that Lewin testified during discovery as to the appropriateness of

11

the term average, however, they state that the instant motion discusses whether the term average is indefinite, and that particular discussion constitutes new evidence.

The court disagrees.  As Defendants note, during cross examination, Lewin stated that "average is a very poor term, that it is not an accurate term to use."  Kass Decl. Ex. K (Lewin Tr.) at 352:21-354:2.  Lewin's Declaration at issue in the instant motion stated the term average "itself is vague because there are many interpretations of average."  Lewin Decl. at ¶ 11.  The court finds that Lewin's discussion of average is sufficiently related to prior testimony such that it does not constitute new evidence that would be harmful to Plaintiffs.  Accordingly, the court DENIES Plaintiffs' request to strike paragraphs 11 and 12 of the Lewin Declaration.

Plaintiffs concede that Lewin's discussion in his declaration of the term "cummutative" could be considered rebuttal, however, they argue that it should be stricken because it cannot properly be raised in connection with Defendants' Reply.  More specifically, Plaintiffs state that Lewin's rebuttal was raised in reply to Plaintiffs' showing that Defendants had failed to raise a crucial point in its § 112 motion.  Plaintiffs' Reply at 11.  Accordingly, Plaintiffs conclude that such points or evidence in support thereof cannot newly be raised by the movant in a reply brief.

12

To the extent the court understands Plaintiffs' argument, it disagrees. Plaintiffs and Defendants seem to agree that the discussion of "cummutative" was offered as rebuttal to a new argument made by Plaintiffs in its Opposition to Defendants' Summary Judgment Motion. The court finds that Defendants were thereby justified in raising the issue in its Reply, or more specifically in the Lewin Declaration attached to the Reply, because the argument had not been previously raised. Accordingly, the court will decline to strike paragraphs 13-15 of the Lewin Declaration.

Finally, Plaintiffs move to strike Lewin's discussion of "earning potential" in Paragraphs 8 and 9 because Lewin never previously discussed the meaning of the term. Defendants point to specific points in Mr. Kilby's report, Defendants' other expert, that state that "some casinos refer to theoretical win as 'earning potential.'" Defendants' Opposition at 9 (citing Kass Decl. Ex. L (Kilby Rpt.) ¶ 81). Plaintiffs moved on September 13, 2002 to strike Mr. Kilby's report as duplicative of Lewin's declaration. Accordingly, the court finds that it is now disingenuous for Plaintiffs to argue that Lewin's testimony regarding earning potential is new, whereas it has previously argued that Mr. Kilby's report and Lewin's original declaration were so similar, that one should be stricken as

13

duplicative. The court thereby DENIES Plaintiffs' Motion to Strike Paragraphs 8

through 10.

## CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES

in part Plaintiffs' Motion to Strike and DENIES Defendants' Motion to Strike.

The court will strike Attachments A-D of the Lewin Declaration and Paragraph 5

and 17 of the Lewin Declaration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii,        MAY 1 1 2004            .

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Harrah's Entertainment Inc., *et al. v.* Station Casinos, Inc., *et al.*, CV-S-01-0825-
KJD-RJJ; ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO STRIKE AND DENYING DEFENDANTS'
ALTERNATIVE CROSS MOTION TO STRIKE

14